PER CURIAM.
We have for review findings and recommendations of the Florida Judicial Qualifications Commission (JQC) recommending that Judge Reginald A. Richardson be publicly reprimanded for judicial misconduct. Judge Richardson admits to the misconduct and stipulates that he will not contest this recommendation. We have jurisdiction. Art. V, § 12, Fla. Const.
In the stipulation entered into between Judge Richardson and the JQC, Judge Richardson did not contest the findings and recommendations made by the Investigative Panel of the JQC which are as follows:
1. On February 26, 1998, Reginald Richardson was arrested on a charge of solicitation for prostitution, involving an undercover police officer acting as a prostitute decoy.
2. Judge Richardson was subsequently acquitted by the jury of the solicitation charge on which the arrest was based.
3. Upon Judge Richardson’s arrival at the police command post following his arrest, Judge Richardson made several comments, including the following, among others:
a. Judge Richardson identified himself as a County Court Judge.
b. When an officer mentioned that the Chief of Police was going to be called, Judge Richardson requested permission to speak directly to the Chief, stating that he could “explain everything.”
c. In further conversations with the officers, Judge Richardson stated he was “pro police” and that the President of the Dade County Police Benevolent Association had run the campaign for judge.
d. Having told the police that he had done nothing wrong, it was the intention of Judge Richardson in making these comments to the police (¶ a-c), that the police officers be made aware of his innocence and his status as a *933 county court judge and therefore not arrest him.
This behavior constitutes conduct unbecoming a member of the judiciary. The Commission regards a pattern and practice of inappropriate comments designed to obtain favored treatment and to avoid due process of the law, such as those made by the Judge, to be very serious because they raise basic questions of personal and professional integrity and reflect adversely on the justice system so far as the public and litigants are concerned.
However, more serious discipline in the opinion of the Investigative Panel is not warranted in view of the acknowledgment by Judge Richardson of the impropriety of his conduct, and his assurances that the conduct will be remedied voluntarily and never repeated. The Investigative Panel believes the Judge to be sincere in his announced recognition of the nature and extent of his mistakes and in his regret over these events. The Investigative Panel accordingly concludes that the interests of Justice and the public welfare are adequately served by the administration of a public reprimand as recommended.
We agree with the JQC and find that Judge Richardson’s behavior constituted conduct unbecoming a member of the judiciary. Canon 2(B) of the Code of Judicial Conduct states that “[a] judge shall not lend the prestige of judicial office to advance the private interests of the judge or others.” That is clearly what Judge Richardson attempted to do in this instance. Using the prestige of judicial office to advance one’s own interest undermines the very, prestige and respect that is being traded upon and, inevitably, erodes public confidence in the judiciary. See In re Fogan, 646 So.2d 191, 194 (Fla.1994). Such acts cannot be tolerated.
Therefore, we accept the recommendation of the Judicial Qualifications Commission and in accordance with the policy recently announced in In re Frank, 753 So.2d 1228 (Fla.2000), we hereby command Judge Reginald A. Richardson to appear before this Court at 9 a.m. on August 29, 2000, for the administration of a public reprimand for the actions noted above.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.